## AFFIDAVIT OF PHILIP JOSEPH GOATCHER

Affiant, Philip Joseph Goatcher, being of lawful age and first duly sworn upon oath, states as follows:

1.     I am over the age of eighteen years and am competent to testify regarding the matters set forth herein.

2.     I have been a resident of the State of North Carolina since 2002.

3.     Since 2006 through the present, I have resided at the following address: 8217 Clarks Branch Dr., Raleigh, North Carolina 27613.

4.     I held a limited partnership interest in Hogo Media, LLP for approximately three and a half months during 2010.

5.     While I was a limited partner in Hogo Media, LLP, I did not have any responsibility for or otherwise contribute to the content of the publication known as "The Slammer", which was published by Cormedia, LLC.

6.     Pursuant to the Membership Interest Transfer Agreement executed on December 29, 2010, attached hereto as Exhibit A, I transferred all of my interest in Hogo Media, LLP to Nick Hodgdon.

7.     Accordingly, I was not a partner and did not own any interest in Hogo Media, LLP in February 2011.

8.     I was not an employee, director, manager, or officer of Hogo Media, LLP in February 2011.

9.     I am not an employee, director, manager, or officer of any corporation or business entity organized in or which has a place of business located in Kansas.

4448335-1



10.   I have not individually transacted any business in Kansas or caused any agent to do so on my behalf.

11.   I do not have an office in Kansas, and I do not individually employ anyone living or working in the state of Kansas.

12.   I am currently a co-owner of my mother's home in Overland Park, Kansas, which is located at 9140 W. 102nd Terrace, Overland Park, KS 66212. However, I do not reside at that address.

13.   I have not engaged in any conduct or transactions by which I intended to subject myself to the jurisdiction of courts in the State of Kansas.

FURTHER AFFIANT SAITH NOT.


_____
PHILIP JOSEPH GOACTHER


STATE OF _North Carolina_ )
                                          ) ss.
COUNTY OF _Wake_ )

Subscribed and sworn to before me, a notary public, this _25_ day of February, 2013.


_____
Notary Public

My commission expires: _05/04/2013_

4448335-1

## SUPPLEMENTAL AFFIDAVIT OF PHILIP JOSEPH GOATCHER

Affiant, Philip Joseph Goatcher, being of lawful age and first duly sworn upon oath, states as follows:

1.     I am over the age of eighteen years and am competent to testify regarding the matters set forth herein.

2.     I have not been served with process in this case in the State of Kansas and I did not personally accept service of process in this case at the address of property co-owned by me in Overland Park, Kansas.

3.     Rather, a certified mail item was delivered to my mother's residence in Overland Park, Kansas and my mother, Polly Goatcher, signed for the item and forwarded it to me at my North Carolina address.

4.     The item marked as Exhibit I to Exhibit 1 to Plaintiff's Memorandum in Opposition to Defendant Joe Goatcher's Motion to Dismiss appears to contain my mother's signature.

5.     I did not personally reject a mailing at the address of property co-owned by me in Overland Park, Kansas indicating a different address in my own handwriting. The item marked as Exhibit J to Exhibit 1 to Plaintiff's Memorandum in Opposition to Defendant Joe Goatcher's Motion to Dismiss appears to contain my mother's handwriting.

6.     I have not held a partnership interest in Hogo Media, LLP since December 29, 2010.

7.     I am unaware of an entity known as Hogo Media, LLC, a Kansas limited liability company, in existence as of December 29, 2010.   To the extent such an entity existed, I did not hold a membership interest therein.

4461956-1

FURTHER AFFIANT SAITH NOT.

_Philip J. Goacther_
PHILIP JOSEPH GOACTHER

STATE OF ___NC___ )
                  ) ss.
COUNTY OF ___Wake___ )

Subscribed and sworn to before me, a notary public, this _14th_ day of March, 2013.

_____
Notary Public

My commission expires: 09/03/2017

AYSU KURULTAK
Notary Public
Wake County
North Carolina
My Commission Expires Sep 3, 2017

4461956-1

## AFFIDAVIT OF NICHOLAS HODGDON

Affiant, Nicholas Hodgdon, being of lawful age and first duly sworn upon oath, states as follows:

1.    I am over the age of eighteen years and am competent to testify regarding the matters set forth herein.

2.    I have been a resident of the State of Colorado since 2002.

3.    Since 2002 through the present, I have resided at the following address: 2590 S. Humboldt, Denver, Colorado 80210.

4.    I held a limited partnership interest in Hogo Media, LLP, a Kansas limited liability partnership, beginning in September 2010.

5.    While a limited partner in Hogo Media, LLP, I did not have any responsibility for or otherwise contribute to the content of the publication known as "The Slammer", which was published by Cormedia, LLC.

6.    I have not individually transacted any business in Kansas or caused any agent to do so on my behalf.

7.    I do not have an office in Kansas and I do not individually employ anyone living or working in the state of Kansas.

8.    I do not own any real property located in the State of Kansas.

9.    I have not engaged in any conduct or transactions by which I intended to subject myself to the jurisdiction of courts in the State of Kansas.

FURTHER AFFIANT SAITH NOT.

_____

NICHOLAS HODGDON

4449521-1



STATE OF Colorado        )
                         )  ss.
COUNTY OF Denver         )

Subscribed and sworn to before me, a notary public, this 25 day of February, 2013.

_Jessica Evenson_
Notary Public

My commission expires: 6|28|16

JESSICA EVENSON
Notary Public
State of Colorado

4449521-1

## SUPPLEMENTAL AFFIDAVIT OF NICHOLAS HODGDON

Affiant, Nicholas Hodgdon, being of lawful age and first duly sworn upon oath, states as follows:

1.    I am over the age of eighteen years and am competent to testify regarding the matters set forth herein.

2.    I have not been served with process in this case in the State of Kansas and I did not personally accept service of process in this case at the address 40 South 18th Street, Kansas City, Wyandotte County, Kansas.

3.    Hogo Media, LLP no longer conducts business.

4.    I have not been a partner in Hogo Media, LLP since it was forfeited for failure to file an annual report on or about July 15, 2012.

5.    I inherited from my grandfather shares in Hodgdon Powder Company. I have no control or voting interest in Hodgdon Powder Company. While I am named a director of the company, I do not actively participate in the conduct of the business of Hodgdon Powder Company.

6.    I inherited from my grandfather any interest that I may hold in Hodgdon Investments, L.P. I have no control or voting interest in Hodgdon Investments, L.P. I do not actively participate in the conduct of the business of Hodgdon Investments, L.P.

7.    I have never resided at 40 South 18th Street, Kansas City, Wyandotte County, Kansas. Rather, that is the location of a business operated by my brother Jason Hodgdon.

FURTHER AFFIANT SAITH NOT.

NICHOLAS HODGDON

4461963-2

STATE OF Colorado )
                             ) ss.
COUNTY OF Denver )

       Subscribed and sworn to before me, a notary public, this 14 day of March, 2013.

_____
Notary Public

My commission expires: 6|28|16

JESSICA EVENSON
Notary Public
State of Colorado

4461963-2

## AFFIDAVIT OF ISAAC CORNETTI

Affiant, Isaac Cornetti, being of lawful age and first duly sworn upon oath, states as follows:

1. I have been a resident of the State of North Carolina since 1981.

2. Since 2007 through the present, I have resided at the following address: 3822 Casey Leigh Lane, Raleigh, North Carolina, 27612.

3. I am the owner and managing member of CorMedia, LLC, a North Carolina limited liability company, which previously published a publication known as "The Slammer" for distribution in various states, including Kansas.

4. I was the owner and managing member of CorMedia, LLC in February 2011.

5. At all relevant times, CorMedia, LLC has observed corporate formalities, including keeping records, maintaining proper capitalization of the entity and employing functioning officers and directors.

6. I do not own property or maintain a residence of any kind in the State of Kansas.

7. I have not individually transacted any business in the State of Kansas or caused any agent to do so on my behalf.

8. I am not a director, manager, or officer of any corporation organized in or which has a place of business in the State of Kansas.

9. I do not have an office in the State of Kansas, and I do not individually employ anyone living or working in the State of Kansas.

10. I have never visited the State of Kansas related to any business of Cormedia, LLC.

4448349-1


EXHIBIT
C

11.    I have not engaged in any conduct or transactions by which I intended to subject myself to the jurisdiction of courts in the State of Kansas.

FURTHER AFFIANT SAITH NOT.

_____
ISAAC CORNETTI

STATE OF North Carolina    )
                           ) ss.
COUNTY OF Wake             )

Subscribed and sworn to before me, a notary public, this 25 day of February _____, 2013.

_____
Notary Public

My commission expires: 6-29-2016

4448349-1

FILED
2013 JAN 15 PM 12: 59
WYANDOTTE...
BY

### IN THE 29TH JUDICIAL DISTRICT
### DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

DANE T. AMBLER,    )
    )
    Plaintiff,    )
    )
vs.    )
    )
CORMEDIA LLC,    )
    ) Case No. _130 XOOS 7_
HOGO MEDIA, LLP,    )
    )
ISAAC CORNETTI,    )
    )
NICHOLAS HODGDON, and    )
    )
PHILIP JOSEPH GOATCHER,    )
    )
    Defendants.    )
    )
Proceeding Pursuant to K.S.A. Chapter 60  )

### PETITION

COMES NOW Plaintiff, Dane T. Ambler, by and through his undersigned attorney, and respectfully states and alleges as follows:

### ALLEGATIONS APPLICABLE TO ALL COUNTS

1.    On or about February 11, 2011, Defendants CorMedia LLC ("CorMedia"), Hogo Media, LLP ("Hogo Media"), Isaac Cornetti, Nicholas Hodgdon, and Philip Joseph Goatcher published and distributed in the states of Kansas and Missouri an edition of a publication called The Slammer which included the name and a photograph of Plaintiff Dane T. Ambler



EXHIBIT
D

("Plaintiff") under the heading "SEX CHARGES," along with a statement that Plaintiff was "SENTENCED TO CITY TIME."

2.    The statements of Defendants described in Paragraph 1, hereof, are completely false. At no time was Plaintiff arrested or charged with a crime involving sex or sexually-related conduct. Similarly, Plaintiff has never been sentenced to serve time in jail.

3.    As a result of the false publication described in Paragraph 1, hereof, Plaintiff has suffered extreme humiliation and shame, as well as other mental and social injuries.

4.    Defendants have profited from their publication of false, humiliating, disturbing, and highly stigmatizing statements which falsely brand Plaintiff as a sex criminal.

5.    Defendants have published no retraction of the statements described in Paragraph 1, hereof. Plaintiff's injuries are ongoing.

6.    Plaintiff, a resident of Kansas City, Kansas for his entire life, has extensive cultural and social roots in his community. He has been employed by the United States Postal Service in Kansas City, Kansas for over twenty-one years. The false publication described in Paragraph 1, above, immediately came to the attention of Plaintiff's coworkers and supervisors, who confronted Plaintiff about the purported "sex charges" and "city time," believing the publication's representations to be true. The publication even resulted in an investigation into whether Plaintiff would be fired from his job as a consequence of being the subject of purported "sex charges."

2

7.      Plaintiff has long been a committed and active member of his local church community. At the time of the false publication, Plaintiff was also regularly involved with the school and extracurricular activities of his two sons in high school and was socially connected to the families of his sons' fellow students. Many individuals who knew and respected Plaintiff through these and other social and family connections read or became aware of the supposed "sex charges" against Plaintiff, and had no independent basis upon which to disbelieve the publication. Plaintiff now seeks redress for the continued shame, humiliation, and other social and mental injuries caused by the Defendants, as well as an opportunity to clear his name.

8.      At all times relevant to the this Petition, Plaintiff has resided and continues to reside at 6116 Haskell Avenue, Kansas City, Wyandotte County, Kansas 66104.

9.      Defendant CorMedia LLC is a Limited Liability Company organized under the laws of North Carolina, with its principle business office at 817-B Brooklyn Street, Raleigh, North Carolina 27605.

10.     CorMedia conducts and, at all times relevant to this Petition conducted, business in Kansas by owning, publishing, distributing, marketing, and selling a newsprint publication called The Slammer to individuals and businesses located in Kansas, as well as by marketing, advertising, and selling services to Kansas residents through its Internet websites. CorMedia is not presently authorized, and has not at any time relevant to this Petition been authorized, to conduct business in Kansas. CorMedia has no Kansas registered agent on whom service may be had.

3

11. CorMedia has submitted to the jurisdiction of the Court. CorMedia transacts business in Kansas directly and through its agents and has committed tortious acts in Kansas as set forth herein. CorMedia has also entered into contracts with one or more residents of Kansas for the purpose of publishing and distributing The Slammer, which contracts are to be performed, in whole or in part, in Kansas. By publishing and distributing The Slammer in Kansas, CorMedia has had substantial, continuous and systematic contact with Kansas.

12. Defendant Isaac Cornetti is a resident and citizen of North Carolina, residing at 2200 West Charlotte Court, Raleigh, North Carolina 27607. In addition to being an owner and managing member of Defendant CorMedia, Defendant Cornetti is, and at all times relevant to this Petition was, the Publisher and Executive Editor of "The Slammer," acting at times under the alias "Dash Dangerfield."

13. Defendant Cornetti has submitted to the jurisdiction of the Court. Cornetti personally transacts business in Kansas and has committed tortious acts in Kansas as set forth herein. Through publishing and distributing The Slammer in Kansas, Cornetti has had substantial, continuous and systematic contact with Kansas.

14. Defendant Hogo Media, LLP was a Limited Liability Partnership organized under the laws of Kansas from September 3, 2010 until its status was revoked by the Secretary of State of Kansas on July 15, 2012. At least two of the partners comprising Hogo Media are residents and citizens of Kansas. Hogo Media published and distributed the February 11-18, 2011 edition of The Slammer in which Plaintiff is falsely portrayed as having been sentenced on "sex charges."

15. Defendant Nicholas Hodgdon is a resident and citizen of Kansas, residing at 40 South 18th Street, Kansas City, Wyandotte County, Kansas 66102. Defendant Hodgdon was a partner in Defendant Hogo Media at all times during its existence.

4

16. Defendant Philip Joseph Goatcher is a resident and citizen of Kansas, residing at 9140 West 102nd Terrace, Overland Park, Kansas 66212. Defendant Goatcher was a partner in Defendant Hogo Media at all times during its existence.

17. Because of the revocation of Hogo Media's status as a Kansas Limited Liability Partnership, Defendants Hodgdon and Goatcher, as successors, are liable for the torts and other wrongs committed by Hogo Media, including the claims set forth herein.

18. Venue is proper in this Court because Plaintiff and Defendant Hodgdon reside in Wyandotte County, because all causes of action alleged herein arose in Wyandotte County, and because all Defendants presently transact business in Wyandotte County.

## COUNT I - "FALSE LIGHT" INVASION OF PRIVACY

19. Plaintiff incorporates Paragraphs 1-18 of this Petition as if fully set forth herein.

20. By publishing and distributing in the states of Kansas and Missouri the February 11-18, 2011 edition of The Slammer, in which Plaintiff's photograph appears under the heading "SEX CHARGES" and Plaintiff is said to have been "SENTENCED TO CITY TIME," Defendants CorMedia, Cornetti, Hogo Media, Hodgdon, and Goatcher have invaded Plaintiff's right to privacy.

21. The plain and intended meaning of the publication described in Paragraphs 1 and 20 of this Petition is that Plaintiff had, in fact, been charged with a crime involving sex or sexually-related conduct, and that he had been sentenced to jail for such crime. Both assertions are entirely false and place Plaintiff in a false light before the public.

22. The publication described in Paragraphs 1 and 20 of this Petition, as well as the acts of each of the Defendants in publishing and distributing such publication, are of such a nature that would cause mental distress or injury to a person having ordinary feelings and intelligence.

5

23.    By publishing and distributing the publication described in Paragraphs 1 and 20 of this Petition, Defendants, and each of them, publicized matters which placed Plaintiff before the public in a false light of a kind highly offensive to an ordinary person.

24.    Defendants, and each of them, caused the publication described in Paragraphs 1 and 20, hereof, to be distributed to multiple convenience stores and other retail locations in the Kansas City metropolitan area, including locations in Wyandotte and Johnson Counties in Kansas and Jackson County in Missouri.

25.    On information and belief, Defendants published and distributed in excess of one thousand copies of the February 11-18, 2011 Kansas City Edition of The Slammer.

26.    Defendants, and each of them, published, distributed, and communicated the contents of the February 11-18, 2011 Kansas City Edition of The Slammer, including the assertion that Plaintiff was the subject of "SEX CHARGES" and "SENTENCED TO CITY TIME," to the public at large.

27.    Defendants, and each of them, published, distributed, and communicated the contents of the February 11-18, 2011 Kansas City Edition of The Slammer to so many persons that such contents, including the assertion that Plaintiff was the subject of "SEX CHARGES" and "SENTENCED TO CITY TIME," were substantially certain to become public knowledge.

28.    As a direct and proximate result of the Defendants' actions, Plaintiff has suffered injuries including, but not limited to, mental suffering, shame, humiliation, psychological injury, and injury to his reputation and social status and relations. Plaintiff's damages exceed $75,000.

6

29.    Defendants, and each of them, profited from sales of the February 11-18, 2011 Kansas City Edition of The Slammer by selling it for one dollar per copy. Defendants, and each of them, also profited by selling advertising space in the February 11-18, 2011 Kansas City Edition of The Slammer.

30.    In falsely publishing that Plaintiff was the subject of "SEX CHARGES" and "SENTENCED TO CITY TIME," Defendants, and each of them, acted in a willful, wanton, and malicious manner toward Plaintiff and with reckless indifference to the rights of Plaintiff and others.

31.    In publishing that Plaintiff was the subject of "SEX CHARGES" and "SENTENCED TO CITY TIME," Defendants, and each of them, acted with reckless disregard of the truth or falsity of such statements.

## COUNT II - OUTRAGEOUS CONDUCT CAUSING SEVERE EMOTIONAL DISTRESS

32.    Plaintiff incorporates Paragraphs 1-31 of this Petition as if fully set forth herein.

33.    Defendants CorMedia, Cornetti, Hogo Media, Hodgdon, and Goatcher recklessly caused severe emotional distress to Plaintiff by their extreme and outrageous conduct.

34.    In publishing that Plaintiff was the subject of "SEX CHARGES" and "SENTENCED TO CITY TIME," Defendants, and each of them, acted in reckless disregard of Plaintiff. Specifically, they acted with disregard and indifference to the consequences of publishing the name and photograph of Plaintiff under the heading "SEX CHARGES" and with the statement "SENTENCED TO CITY TIME" under circumstances involving danger to the safety of Plaintiff and others.

7

35. Defendants, and each of them, knew or had reason to know facts which created a high degree of risk of harm to Plaintiff and others, and then, indifferent to what harm may result, proceeded to act by publishing and distributing the February 11-18, 2011 Kansas City Edition of The Slammer. Such facts include, but are not limited to, that publishing a person's photograph and name under the heading "SEX CHARGES" is likely to cause emotional, mental, and social injuries to such individual, that readers of The Slammer take statements and representations in The Slammer to be true, that Defendants claim the representations published in The Slammer are true and originate with law enforcement agencies, and that Defendants had taken inadequate precautions to ensure the accuracy of statements made about individuals in The Slammer.

36. Defendants' conduct of falsely publishing that Plaintiff was subject to "SEX CHARGES" and "SENTENCED TO CITY TIME" was so outrageous in character and so extreme in degree that it goes beyond the bounds of decency.

37. Defendants' conduct of falsely publishing that Plaintiff was subject to "SEX CHARGES" and "SENTENCED TO CITY TIME" was atrocious and utterly intolerable in a civilized community.

38. Defendants' conduct of falsely publishing that Plaintiff was subject to "SEX CHARGES" and "SENTENCED TO CITY TIME" proximately caused Plaintiff to suffer emotional distress which was and is genuine and so severe, and to such an extreme degree, that no reasonable person should be expected to endure it.

39. Defendants' conduct of falsely publishing that Plaintiff was subject to "SEX CHARGES" and "SENTENCED TO CITY TIME" proximately caused Plaintiff to suffer emotional distresses which caused bodily harm.

40. Plaintiff's damages exceed $75,000.

8

## COUNT III – DECEPTIVE AND UNCONSCIONABLE ACTS AND PRACTICES

41.    Plaintiff incorporates Paragraphs 1-40 of this Petition as if fully set forth herein.

42.    Defendants CorMedia, Cornetti, Hogo Media, Hodgdon, and Goatcher engaged in one or more deceptive and unconscionable acts or practices in connection with a consumer transaction.

43.    In February 2011, Plaintiff purchased a copy of the February 11-18, 2011 Kansas City Edition of The Slammer for personal, family, or household purposes.

44.    Each of the Defendants is a manufacturer, distributor, seller, or other person who, in the ordinary course of business, solicits, engages in or enforces consumer transactions, dealing directly and indirectly with Plaintiff and other consumers.

45.    Each of the Defendants sold to Plaintiff, for value, a copy of the February 11-18, 2011 Kansas City Edition of The Slammer, which sale occurred within the state of Kansas.

46.    Each of the Defendants solicited sales to Plaintiff and others, for value, of the February 11-18, 2011 Kansas City Edition of The Slammer within the State of Kansas.

47.    In connection with their sale of, and solicitations for, the February 11-18, 2011 Kansas City Edition of The Slammer, each of the Defendants made representations that Plaintiff was subject to "SEX CHARGES" and "SENTENCED TO CITY TIME," although knowing or having reason to know that such representations were false.

9

48.    In connection with their sale of, and solicitations for, the February 11-18, 2011 Kansas City Edition of The Slammer, each of the Defendants made representations that such Edition contained truthful information concerning criminal charges and sentences against the individuals whose pictures were published therein, although knowing or having reason to know that such representations were false and that The Slammer has characteristics other than those represented by Defendants.

49.    In connection with their sale of, and solicitations for, the February 11-18, 2011 Kansas City Edition of The Slammer, each of the Defendants represented that the contents of such Edition, including that Plaintiff was subject to "SEX CHARGES" and "SENTENCED TO CITY TIME," had been substantiated, although knowing or with reason to know they had not.

50.    In connection with their sale of, and solicitations for, the February 11-18, 2011 Kansas City Edition of The Slammer, each of the Defendants willfully used, in written representations, exaggeration and falsehood as to material facts concerning Plaintiff and The Slammer, as set forth herein.

51.    The Defendants, and each of them, published the February 11-18, 2011 Kansas City Edition of The Slammer on behalf of themselves and not on behalf of others.

52.    Plaintiff is entitled to damages or civil penalties, as well as the reasonable attorney fees incurred in prosecuting this action, for Defendants' deceptive and unconscionable trade practices.

10

## COUNT IV - UNJUST ENRICHMENT

53.    Plaintiff incorporates Paragraphs 1-52 of this Petition as if fully set forth herein.

54.    A benefit was conferred upon Defendants CorMedia, Cornettei, Hogo Media, Hodgdon, and Goatcher in that they used Plaintiff's name and photograph in selling the February 11-18 Kansas City Edition of The Slammer for their benefit and to their profit.

55.    The benefit described in Paragraph 54, hereof, has been retained by Defendants.

56.    Under the circumstances, Defendants' retention of the benefit conferred on them, as described in Paragraph 54, hereof, is unjust.

WHEREFORE, Plaintiff requests that Judgment be entered in his favor and against each of the Defendants for invasion of privacy, outrageous conduct causing severe emotional distress, deceptive and unconscionable acts and practices in violation of the Kansas Consumer Protection Act, and unjust enrichment; that he be awarded damages in an amount in excess of $75,000 including actual and incidental damages; that the Court order disgorgement of the profits obtained by Defendants through use and publication of Plaintiff's name and photograph; that Plaintiff be awarded damages or civil penalties for Defendants' violations of the Kansas Consumer Protection Act, as well as the reasonable attorney fees incurred in prosecuting this action; that Defendants be enjoined from engaging in further deceptive and unconscionable acts toward consumers, that Plaintiff be awarded the costs of prosecuting this action; and that the Court order such other and further relief as is just and proper under the circumstances.

Plaintiff demands a jury trial on all issues so triable.

11

Respectfully Submitted,

Anthony E. LaCroix    KS # 24279
LACROIX LAW
4235 Baltimore Avenue
Kansas City, Missouri 64111
Telephone: (816) 399-4380
Fax: (816) 399-4380
Email: tony@lacroixlawkc.com

ATTORNEY FOR PLAINTIFF

I hereby certify the above and foregoing
to be a True and correct copy, the original
of which is filed and entered record
in this court.

CLERK DISTRICT COURT
WYANDOTTE CO, KS
DATE
By _____ deputy.

12

FILED

2013 MAR 13 PM 2:37

BY

IN THE 29TH JUDICIAL DISTRICT
DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

| | |
|---|---|
| DANE T. AMBLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CORMEDIA LLC, ) | |
| ) Case No. 13CV57 | |
| HOGO MEDIA, LLP, ) Div. 2 | |
| ) | |
| ISAAC CORNETTI, ) | |
| ) | |
| NICHOLAS HODGDON, and ) | |
| ) | |
| PHILIP JOSEPH GOATCHER, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| Proceeding Pursuant to K.S.A. Chapter 60 ) | |

## FIRST AMENDED PETITION

COMES NOW Plaintiff, Dane T. Ambler, by and through his undersigned attorney and,

for his First Amended Petition, respectfully states and alleges as follows:

1

## ALLEGATIONS APPLICABLE TO ALL COUNTS

1.    On or about February 11, 2011, Defendants CorMedia LLC ("CorMedia"), Hogo Media, LLP ("Hogo Media"), Isaac Cornetti, Nicholas Hodgdon, and Philip Joseph Goatcher (collectively "Defendants") published and distributed in the states of Kansas and Missouri an edition of a publication called The Slammer which included the name and a photograph of Plaintiff Dane T. Ambler ("Plaintiff") under the heading "SEX CHARGES," along with a statement that Plaintiff was "SENTENCED TO CITY TIME" on such charges.

2.    The statements of Defendants described in Paragraph 1, hereof, are completely false. At no time was Plaintiff arrested or charged with a crime involving sex or sexually-related conduct. Similarly, Plaintiff has never been sentenced to serve time in jail for a crime involving sex or sexually-related conduct.

3.    As a result of the false publication described in Paragraph 1, hereof, Plaintiff has suffered extreme humiliation and shame, as well as other severe mental and social injuries.

4.    Defendants have profited from their publication of false, humiliating, disturbing, and highly stigmatizing statements which falsely brand Plaintiff as a sex criminal.

5.    Defendants have published no retraction of the statements described in Paragraph 1, hereof. Plaintiff's injuries are ongoing.

6.    Plaintiff, a resident of Kansas City, Kansas for his entire life, has extensive cultural and social roots in his community. He has been employed by the United States Postal Service in Kansas City, Kansas for over twenty-one years. The false publication described in Paragraph 1, above, immediately came to the attention of Plaintiff's coworkers and supervisors, who confronted Plaintiff about the purported "sex charges" and "city time" for such charges, believing the publication's representations to be true. The publication even resulted in an investigation into

whether Plaintiff would be fired from his job as a consequence of being the subject of purported "sex charges."

7.      Plaintiff has long been a committed and active member of his local church community. At the time of the false publication, Plaintiff was also regularly involved with the school and extracurricular activities of his two sons in high school and was socially connected to the families of his sons' fellow students. Many individuals who knew and respected Plaintiff through these and other social and family connections read or became aware of the supposed "sex charges" against Plaintiff, and had no independent basis upon which to disbelieve the publication. Plaintiff now seeks redress for the continued shame, humiliation, and other social and mental injuries caused by the Defendants, as well as an opportunity to clear his name.

8.      At all times relevant to the this Petition, Plaintiff has resided and continues to reside at 6116 Haskell Avenue, Kansas City, Wyandotte County, Kansas 66104.

9.      Defendant CorMedia LLC is a limited liability company organized under the laws of North Carolina, with its principle business office at 817-B Brooklyn Street, Raleigh, North Carolina 27605.

10.     CorMedia conducts and, at all times relevant to this Petition conducted, business in Kansas by owning, publishing, distributing, marketing, and selling a newsprint publication called The Slammer to individuals and businesses located in Kansas, as well as by marketing, advertising, and selling services to Kansas residents through its interactive Internet websites. CorMedia is not presently authorized, and has not at any time relevant to this Petition been authorized, to conduct business in Kansas. CorMedia has no Kansas registered agent on whom service may be had.

3

11.     CorMedia has submitted to the jurisdiction of the Court. CorMedia transacts business in Kansas directly and through its agents and has committed tortious acts in Kansas as set forth herein. CorMedia has also entered into contracts with one or more residents of Kansas for the purpose of publishing and distributing The Slammer, which contracts are to be performed, in whole or in part, in Kansas. By publishing and distributing The Slammer in Kansas, CorMedia has had substantial, continuous and systematic contact with Kansas.

12.     Defendant Isaac Cornetti is a resident and citizen of North Carolina. In addition to being an owner and managing member of Defendant CorMedia, Defendant Cornetti is, and at all times relevant to this Petition was, the Publisher and Executive Editor of "The Slammer."

13.     Defendant Cornetti acts at times under the alias "Dash Dangerfield," including with respect to publication of the February 11-18, 2011 Kansas City edition of The Slammer, as reflected on its masthead.

14.     Defendant Cornetti has submitted to the jurisdiction of the Court. Cornetti personally transacts business in Kansas and has committed tortious acts in Kansas as set forth herein. Plaintiff's claims arise from these and other acts of Cornetti.

15.     Defendant Cornetti was personally instrumental in perpetrating the wrongs which form the basis of Plaintiff's claims, as set forth herein.

16.     Defendant Hogo Media, LLP was a partnership which purportedly elected to become a Kansas limited liability partnership from September 3, 2010 until its status as such was revoked by the Secretary of State of Kansas on July 15, 2012. Hogo Media, in addition to the other Defendants, published and distributed the February 11-18, 2011 edition of The Slammer in which Plaintiff is falsely portrayed as having been sentenced on "sex charges."

4

17. Defendant Nicholas Hodgdon was a partner in Defendant Hogo Media at all times relevant to this Petition, and remains a general partner in Hogo Media.

18. Defendant Hodgdon was personally instrumental in perpetrating the wrongs which form the basis of Mr. Ambler's claims, as set forth herein.

19. Defendant Philip Joseph Goatcher was a partner in Defendant Hogo Media at all times relevant to this Petition and remains a general partner in Hogo Media.

20. Defendant Goatcher was personally instrumental in perpetrating the wrongs which form the basis of Plaintiff's claims, as set forth herein.

21. Defendant Hogo Media is presently a general partnership between Defendants Hodgdon and Goatcher.

22. Hogo Media, LLP failed to observe formalities imposed by law upon a Kansas limited liability partnership, including its failure to file one or more annual reports with the Secretary of State of Kansas.

23. On information and belief, Hogo Media, LLP was inadequately capitalized at all times during its existence as a limited liability partnership.

24. On information and belief, Defendant Hodgdon was the sole functioning employee and agent of Hogo Media, LLP at all times during its existence.

25. On information and belief, Defendant Hodgdon used Hogo Media, LLP as a facade for his own operations with respect to publication, promotion, and distribution of The Slammer in Kansas and elsewhere.

26. On information and belief, Hogo Media, LLP was a mere instrumentality of Defendants Hodgdon and Goatcher.

5

27.     Defendants Hodgdon and Goatcher have used the entity Hogo Media, LLP to perpetrate injustice upon Mr. Ambler.

28.     Because of the facts as alleged in Paragraphs 21-27, hereof, as well as the remaining allegations of this Petition, Defendants Hodgdon and Goatcher are personally liable for the torts and other wrongs committed by Hogo Media, including the claims set forth herein.

29.     In addition, because of the revocation of Hogo Media's status as a Kansas limited liability partnership, Defendants Hodgdon and Goatcher, as successors, are liable for the torts and other wrongs committed by Hogo Media, including the claims set forth herein.

30.     Venue is proper in this Court because Plaintiff resides in Wyandotte County, because all causes of action alleged herein arose in Wyandotte County, and because all Defendants presently transact business in Wyandotte County.

## COUNT I - FALSE LIGHT INVASION OF PRIVACY

31.     Plaintiff incorporates Paragraphs 1-30 of this Petition as if fully set forth herein.

32.     By publishing and distributing in the states of Kansas and Missouri the February 11-18, 2011 edition of The Slammer, in which Plaintiff's photograph appears under the heading "SEX CHARGES" and Plaintiff is said to have been "SENTENCED TO CITY TIME" on such charges, Defendants CorMedia, Cornetti, Hogo Media, Hodgdon, and Goatcher have invaded Plaintiff's right to privacy.

33.     The plain and intended meaning of the publication described in Paragraphs 1 and 32 of this Petition is that Plaintiff had, in fact, been charged with a crime involving sex or sexually-related conduct, and that he had been sentenced to jail for such crime. Both assertions are entirely false and place Plaintiff in a false light before the public.

6

34.   The publication described in Paragraphs 1 and 32 of this Petition, as well as the acts of each of the Defendants in publishing and distributing such publication, are of such a nature that would cause mental distress or injury to a person having ordinary feelings and intelligence.

35.   By publishing and distributing the publication described in Paragraphs 1 and 32 of this Petition, Defendants, and each of them, publicized matters which placed Plaintiff before the public in a false light of a kind highly offensive to an ordinary person.

36.   Defendants, and each of them, caused the publication described in Paragraphs 1 and 32, hereof, to be distributed to multiple convenience stores and other retail locations in the Kansas City metropolitan area, including locations in Wyandotte and Johnson Counties in Kansas and Jackson County in Missouri.

37.   On information and belief, Defendants published and distributed in excess of one thousand copies of the February 11-18, 2011 Kansas City Edition of The Slammer.

38.   Defendants, and each of them, published, distributed, and communicated the contents of the February 11-18, 2011 Kansas City Edition of The Slammer, including the assertion that Plaintiff was the subject of "SEX CHARGES" and "SENTENCED TO CITY TIME" on such charges, to the public at large.

39.   Defendants, and each of them, published, distributed, and communicated the contents of the February 11-18, 2011 Kansas City Edition of The Slammer to so many persons that such contents, including the assertion that Plaintiff was the subject of "SEX CHARGES" and "SENTENCED TO CITY TIME" on such charges were substantially certain to become public knowledge.

7

40.    As a direct and proximate result of the Defendants' actions, Plaintiff has suffered injuries including, but not limited to, mental suffering, shame, humiliation, psychological injury, and injury to his reputation and social status and relations. Plaintiff's damages exceed $75,000.

41.    Defendants, and each of them, gained revenues from sales of the February 11-18, 2011 Kansas City Edition of The Slammer by selling it to retailers in Kansas. Defendants, and each of them, also gained revenues by selling advertising space in the February 11-18, 2011 Kansas City Edition of The Slammer.

42.    In falsely publishing that Plaintiff was the subject of "SEX CHARGES" and "SENTENCED TO CITY TIME" on such charges, Defendants, and each of them, acted in a willful, wanton, and malicious manner toward Plaintiff and with reckless indifference to the rights of Plaintiff and others.

43.    In publishing that Plaintiff was the subject of "SEX CHARGES" and "SENTENCED TO CITY TIME" on such charges, Defendants, and each of them, acted with reckless disregard of the truth or falsity of such statements.

## COUNT II - OUTRAGEOUS CONDUCT CAUSING SEVERE EMOTIONAL DISTRESS

44.    Plaintiff incorporates Paragraphs 1-43 of this Petition as if fully set forth herein.

45.    Defendants CorMedia, Cornetti, Hogo Media, Hodgdon, and Goatcher recklessly caused severe emotional distress to Plaintiff by their extreme and outrageous conduct.

46.    In publishing that Plaintiff was the subject of "SEX CHARGES" and "SENTENCED TO CITY TIME" on such charges, Defendants, and each of them, acted in reckless disregard of Plaintiff. Specifically, they acted with disregard and indifference to the consequences of publishing the name and photograph of Plaintiff under the heading "SEX CHARGES" and with

8

the statement "SENTENCED TO CITY TIME" under circumstances involving danger to the safety of Plaintiff and others.

47.     Defendants, and each of them, knew or had reason to know facts which created a high degree of risk of harm to Plaintiff and others, and then, indifferent to what harm may result, proceeded to act by publishing and distributing the February 11-18, 2011 Kansas City Edition of The Slammer. Such facts include, but are not limited to, that publishing a person's photograph and name under the heading "SEX CHARGES" is likely to cause emotional, mental, and social injuries to such individual, that readers of The Slammer take statements and representations in The Slammer to be true, that Defendants claim the representations published in The Slammer are true and originate with law enforcement agencies, and that Defendants had taken inadequate precautions to ensure the accuracy of statements made about individuals in The Slammer.

48.     Defendants' conduct of falsely publishing that Plaintiff was subject to "SEX CHARGES" and "SENTENCED TO CITY TIME" on such charges was so outrageous in character and so extreme in degree that it goes beyond the bounds of decency.

49.     Defendants' conduct of falsely publishing that Plaintiff was subject to "SEX CHARGES" and "SENTENCED TO CITY TIME" on such charges was atrocious and utterly intolerable in a civilized community.

50.     Defendants' conduct of falsely publishing that Plaintiff was subject to "SEX CHARGES" and "SENTENCED TO CITY TIME" on such charges proximately caused Plaintiff to suffer emotional distress which was and is genuine and so severe, and to such an extreme degree, that no reasonable person should be expected to endure it.

9

51.    Defendants' conduct of falsely publishing that Plaintiff was subject to "SEX CHARGES" and "SENTENCED TO CITY TIME" on such charges proximately caused Plaintiff to suffer emotional distress which caused bodily harm.

52.    Plaintiff's damages exceed $75,000.

## COUNT III – DECEPTIVE AND UNCONSCIONABLE ACTS AND PRACTICES

53.    Plaintiff incorporates Paragraphs 1-52 of this Petition as if fully set forth herein.

54.    Defendants CorMedia, Cornetti, Hogo Media, Hodgdon, and Goatcher engaged in one or more deceptive and unconscionable acts or practices in connection with a consumer transaction.

55.    In February 2011, Plaintiff purchased a copy of the February 11-18, 2011 Kansas City Edition of The Slammer for personal, family, or household purposes.

56.    Each of the Defendants is a manufacturer, distributor, seller, or other person who, in the ordinary course of business, solicits, engages in or enforces consumer transactions, dealing directly and indirectly with Plaintiff and other consumers.

57.    Each of the Defendants caused to be sold to Plaintiff, for value, a copy of the February 11-18, 2011 Kansas City Edition of The Slammer, which sale occurred within the state of Kansas.

58.    Each of the Defendants solicited sales to Plaintiff and others, for value, of the February 11-18, 2011 Kansas City Edition of The Slammer within the State of Kansas.

59.    In connection with their sale of, and solicitations for, the February 11-18, 2011 Kansas City Edition of The Slammer, each of the Defendants made representations that Plaintiff was subject to "SEX CHARGES" and "SENTENCED TO CITY TIME" on such charges, although knowing or having reason to know that such representations were false.

10

60.    In connection with their sale of, and solicitations for, the February 11-18, 2011 Kansas City Edition of The Slammer, each of the Defendants made representations that such Edition contained truthful information concerning criminal charges and sentences against the individuals whose pictures were published therein, although knowing or having reason to know that such representations were false and that The Slammer has characteristics other than those represented by Defendants.

61.    In connection with their sale of, and solicitations for, the February 11-18, 2011 Kansas City Edition of The Slammer, each of the Defendants represented that the contents of such Edition, including that Plaintiff was subject to "SEX CHARGES" and "SENTENCED TO CITY TIME" on such charges, had been substantiated, although knowing or with reason to know they had not.

62.    In connection with their sale of, and solicitations for, the February 11-18, 2011 Kansas City Edition of The Slammer, each of the Defendants willfully used, in written representations, exaggeration and falsehood as to material facts concerning Plaintiff and The Slammer, as set forth herein.

63.    The Defendants, and each of them, published the February 11-18, 2011 Kansas City Edition of The Slammer on behalf of themselves and not on behalf of others.

64.    Plaintiff is entitled to damages or civil penalties, as well as the reasonable attorney fees incurred in prosecuting this action, for Defendants' deceptive and unconscionable trade practices.

11

## COUNT IV - UNJUST ENRICHMENT

65.    Plaintiff incorporates Paragraphs 1-64 of this Petition as if fully set forth herein.

66.    A benefit was conferred upon Defendants CorMedia, Cornettei, Hogo Media, Hodgdon, and Goatcher in that they used Plaintiff's name and photograph in selling the February 11-18 Kansas City Edition of The Slammer for their benefit and to their profit.

67.    The benefit described in Paragraph 66, hereof, has been retained by Defendants.

68.    Under the circumstances, Defendants' retention of the benefit conferred on them, as described in Paragraph 66, hereof, is unjust.

WHEREFORE, Plaintiff requests that Judgment be entered in his favor and against each of the Defendants for invasion of privacy, outrageous conduct causing severe emotional distress, deceptive and unconscionable acts and practices in violation of the Kansas Consumer Protection Act, and unjust enrichment; that he be awarded damages in an amount in excess of $75,000 including actual and incidental damages; that the Court order disgorgement of the profits obtained by Defendants through use and publication of Plaintiff's name and photograph; that Plaintiff be awarded damages or civil penalties for Defendants' violations of the Kansas Consumer Protection Act, as well as the reasonable attorney fees incurred in prosecuting this action; that Defendants be enjoined from engaging in further deceptive and unconscionable acts toward consumers, that Plaintiff be awarded the costs of prosecuting this action; and that the Court order such other and further relief as is just and proper under the circumstances.

Plaintiff demands a jury trial on all issues so triable.

12

Respectfully Submitted,

_____
Anthony E. LaCroix    KS # 24279
LACROIX LAW
4235 Baltimore Avenue
Kansas City, Missouri 64111
Telephone: (816) 399-4380
Fax: (816) 399-4380
Email: tony@lacroixlawkc.com

ATTORNEY FOR PLAINTIFF

I hereby certify the above and foregoing
to be a True and correct copy, the original
of which is filed and entered record
in this court.
CLERK DISTRICT COURT
WYANDOTTE CO, KS
DATE
by                          deputy

13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was sent, via U.S. Mail, postage prepaid, on this 13th day of March, 2013, to:

McDowell, Rice, Smith & Buchanan
Kristie Remster Orme, Esq.
605 W. 47th Street, Suite 350
Kansas City, MO 64112
Telephone:  816-753-5400
Fax:  816-753-9996
Email:  korme@mcdowellrice.com

ATTORNEYS FOR DEFENDANTS

Anthony E. LaCroix

14