IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANE T. AMBLER, | ) |
|         Plaintiff, | ) |
| v. | ) Case No. 13-2185-RDR |
| CORMEDIA LLC, et al., | ) |
|         Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is presently before the court upon plaintiff's motion to remand. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

I.

This is an action in which plaintiff asserts various torts against the defendants. The claims arise from the issuance of certain information about the plaintiff in a publication called "The Slammer." Plaintiff originally filed this action in the District Court of Wyandotte County, Kansas on March 13, 2013. The named defendants were: CorMedia, LLC; Hogo Media, LLP; Isaac Cornetti; Nicolas Hodgson; and Philip Joseph Goatcher. Plaintiff filed an amended petition on March 21, 2013. All of the defendants were served with defendant Goatcher being the last served on March 24, 2013. Defendant Hodgson removed the case to this court on April 19, 2013. In the removal petition, Hodgson indicated that defendant Goatcher and Hogo Media, LLP were agreeable to removal. Hodgson

further stated that he had attempted to confirm whether the remaining defendants were agreeable to removal, but he had been unable to obtain their position prior to filing the removal petition.

Plaintiff filed the instant motion to remand on May 16, 2013. In his motion, he contends that remand to the state court is appropriate because (1) the defendants did not unanimously consent to removal pursuant to 28 U.S.C. § 1446(b); and (2) defendants Hodgson, Goatcher and Cornetti waived their right to removal by seeking affirmative relief in the state court prior to removal. He seeks attorney's fees and costs under 28 U.S.C. § 1447(c).

On June 6, 2013, defendants Cornetti and CorMedia, LLC filed a pleading indicating that they were joining in the removal petition filed by Hodgson.

II.

A defendant may remove any civil action brought in state court to the federal district court embracing the place where such action is pending if the case could have originally been filed in federal court. 28 U.S.C.A. § 1441(a). District courts are granted original jurisdiction over a variety of civil actions, including those between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C.A. § 1332.

The procedure for removing a case to federal district court is governed by 28 U.S.C. § 1446. In December 2011, Section 1446 was

2

amended as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"). Pub.L. No. 112-63, § 103(b), 125 Stat. 758, 760-61 (Dec. 7, 2011). The amended version of § 1446 requires in part that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Prior the JVCA, an exception to the unanimity rule existed where "nominal, unknown, unserved or fraudulently joined defendants" did not join or consent to removal. McShares, Inc. v. Barry, 979 F.Supp. 1338, 1342 (D.Kan. 1997); see also Dodson Aviation, Inc. v. HLMP Aviation Corp., No. 08-4102-EFM, 2009 WL 1036123, at *2-3 (D.Kan. Feb. 12, 2009)(denying motion to remand where nominal defendant failed to join or consent to removal). Hodgson has not argued this exception and it does not appear applicable in this case. The court must strictly construe removal statutes and resolve all doubts in favor of remand. See Ortiz v. Biscanin, 190 F.Supp.2d 1237, 1241 (D.Kan. 2002); Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). As the removing party, Hodgson has the burden to show that he properly removed the action. Wakefield v. Olcott, 983 F.Supp. 1018, 1020 (D.Kan. 1997).

III.

Plaintiff asserts that the unanimity requirement has not been met here because (1) defendant Hodgson's statement that defendants Goatcher and Hogo Media, LLP were agreeable to removal is inadequate; and (2) defendants CorMedia, LLC and Cornetti did not timely consent to removal.

Defendant Hodgson contends that plaintiff's motion should be denied because (1) the consent to removal by Goatcher and Hogo Media, LLP was proper because they are all now represented by the same counsel; and (2) the court should excuse the failure to defendants CorMedia, LLC and Cornetti to timely consent due to exceptional circumstances. With regard to the first contention, Hodgson notes that all defendants in the state court case were initially represented by other counsel. However, all defendants left their initial counsel on or about April 17, 2013. Hodgson notes that he and defendants Goatcher and Hogo Media, LLP, are now represented by the same counsel. Since all are represented by the same counsel now, then the consent noted by Hodgson's counsel at the time of removal was sufficient to satisfy the rule of unanimity for these defendants. With regard to the second contention, Hodgson suggests that the fact that CorMedia, LLC and Cornetti have no counsel and are proceeding pro se constitutes exceptional circumstances that justify their failure to consent to removal within the thirty-day time period.

4

Hodgson relies upon Fifth Circuit case law for this exception to the timeliness requirements of the removal statutes. See Brown v. Demco, 792 F.2d 478, 482 (5th Cir. 1986). Finally, Hodgson argues that the actions taken by the defendants in state court were not sufficient to waive their right to removal and submit to state court jurisdiction.

The court finds it unnecessary to resolve the first contention concerning unanimity because there is little question that remand is required due to the lack of Cornetti and CorMedia, LLC to timely join in the removal petition. The court finds no support for the application of the "exceptional circumstances" doctrine applied by the Fifth Circuit for a variety of reasons.

In Brown, the Fifth Circuit stated that where "exceptional circumstances" exist, they may merit an extension of time to remove. 792 F.2d at 481. The Fifth Circuit later provided some guidance on the application of this exception in Ortiz v. Young, 431 Fed.Appx. 306 (5th Cir. 2011). There, the Fifth Circuit noted that this exception would likely apply in situations where (1) the plaintiff has acted in bad faith to prevent the defendant from removing, and (2) where removal was necessary to prevent injustice. Ortiz, 431 Fed.Appx. at 307-08. The court noted that the defendant in that case had not provided the court with any explanation of how the plaintiff had interfered with his ability to remove and/or what injustice would

be prevented by allowing him to remove.  Id. at 308.  Therefore, the court found that there was no exceptional circumstance present that warranted an exception of the thirty-day time period.  Id.

Plaintiff has argued that the exception created by the Fifth Circuit should no longer be applied because of changes in the law since its adoption.  Although plaintiff makes a decent argument concerning the viability of this exception, the court does not find it necessary to reach a determination on that issue because we find that the facts here certainly do not support its application.  We further note that the Tenth Circuit has never adopted the exceptional circumstances doctrine in removal and we have some considerable doubts that it would do so.  Nevertheless, even if viable and applicable, the exceptional circumstances rule cannot be enforced here.

Hodgson has argued only that defendants Cornetti and CorMedia, LLC were left without counsel and, as pro se litigants, were unfamiliar with legal procedure and had difficulty filing consent on their own.  Plaintiff has countered that the record shows that Cornetti and CorMedia, LLC were represented by counsel at the time that Hodgson removed the case.  Their counsel was not permitted to withdraw until May 28, 2013.

Even if these defendants had been without counsel at the time of removal, the court is not persuaded that the exceptional

6

circumstances exception would have allowed Hodgson to remove without the unanimity of all defendants. Hodgson points to only one case where the exception was applied in "similar" circumstances, White v. White, 32 F.Supp.2d 890, 893 (W.D.La. 1998). In White, the court applied the exceptional circumstances rule where it appeared that plaintiff's counsel was taking advantage of a "removal trap." 32 F.Supp.2d at 893. Plaintiff's counsel had served a less sophisticated defendant and then waited over thirty days to serve a more sophisticated defendant who might attempt removal. Given the rule in the Fifth Circuit at the time that the thirty-day period begins to run as soon as the first defendant is served, the court found that plaintiff had engaged in "forum manipulation," and determined that exceptional circumstances existed to permit removal despite non-compliance with the removal procedure. Id. at 894.

Here, there is no evidence of forum manipulation by the plaintiff. Plaintiff served the defendants and there was nothing that precluded their consent to removal within the thirty-day period. At the time of removal, Cornetti and CorMedia, LLC were indeed represented by counsel. Even if these defendants had been proceeding pro se, such status did not preclude their consent. If the court were to adopt Hodgson's argument, we would be forced to allow all pro se litigants to avoid the requirements of 28 U.S.C. § 1446(b). There is no statutory or case law to support for such an argument.

In sum, the time period for all defendants to join in the removal petition passed and defendants Cornetti and CorMedia, LLC took no steps to consent to the removal. There is no basis, either factually or legally, for the application of the exceptional circumstances exception to the removal procedure. The joinder filed by these defendants on June 6, 2013 is untimely and therefore cannot be considered. Thus, Cornetti and CorMedia, LLC did not timely consent to removal of this case from state court, and there are no exceptional circumstances that would excuse the lack of consent. As a result, given the lack of timely unanimity of the defendants, the removal was improvident and this case must be remanded to state court. With this decision, the court need not consider plaintiff's argument that the defendants waived their right to removal by seeking affirmative relief in the state court prior to removal.

IV.

The court shall now consider whether to award attorneys' fees and costs to plaintiff. Hodgson contends that the court should not award attorneys' fees and costs because he acted reasonably and in good faith in removing this case.

An order granting a motion to remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). Such an award is therefore within the court's discretion. See Suder v. Blue Circle,

Inc., 116 F.3d 1351, 1352 (10th Cir. 1997). Because the court has found that removal was improper, it has discretion to award costs. Suder, 116 F.3d at 1352. In deciding whether to award costs, "the key factor is the propriety of defendant's removal." Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 321 (10th Cir. 1997)(citing Daleske v.. Fairfield Cmtys., 17 F.3d 321, 324 (10th Cir.), cert. denied, 511 U.S. 1082 (1994)). The court "does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs under § 1447(c)." Excell, 106 F.3d at 321(citing Daleske, 17 F.3d at 324-25).

The court finds that attorney's fees and costs should be awarded to the plaintiff. The court fails to find that Hodgson had an objectively reasonable basis for removal. Hodgson's efforts to apply the exceptional circumstances exception to these facts were clearly lacking in merit. Accordingly, the court finds that an award of costs and expenses is appropriate.

**IT IS THEREFORE ORDERED** that plaintiff's motion to remand (Doc. # 6) be hereby granted. This case shall be remanded to the District Court of Wyandotte County, Kansas.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1447(c), defendant shall pay the just costs and actual expenses, including attorneys' fees, which plaintiff incurred as a result of the improper removal. The procedure set forth in D.Kan. Rule 54.2 shall apply to

this issue, except that the time deadlines shall be as follows. On or before July 8, 2013, plaintiff shall file a fee application which itemizes all fees and costs for which he seeks reimbursement. If the parties reach agreement regarding the fee request, they shall file an appropriate stipulation on or before August 8, 2013.  If they are unable to agree, plaintiff on or before August 12, 2013 shall file the required statement of consultation and supporting memorandum. Defendant may respond on or before August 22, 2013 and plaintiff may reply on or before September 2, 2013.

**IT IS SO ORDERED.**

Dated this 26th day of June, 2013, at Topeka, Kansas.

*s/Richard D. Rogers*
United States District Judge